# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### (Southern Division)

| | |
|---|---|
| **OLDCASTLE BUILDINGENVELOPE, INC.**<br>803 Airport Road<br>Terrell, TX 751670<br>Baltimore, Maryland 21202<br><br>                 Plaintiff,<br><br>v.<br><br>**TIDEWATER GLAZING, INC.**<br>7135 Standard Drive<br>Hanover, MD 21076<br><br>Serve on:<br>    Registered Agent<br>    James A. List<br>    502 Baltimore Avenue<br>    Baltimore MD 21204<br><br>                 Defendant. | Civil Action No. _____ |

## **COMPLAINT**

Plaintiff, Oldcastle BuildingEnvelope, Inc. ("OBE"), by and through its undersigned counsel, Peckar & Abramson, P.C., and for its Complaint against Defendant Tidewater Glazing, Inc. ("Tidewater"), states the following upon information and belief:

## **PARTIES**

1. OBE is a Delaware corporation in good standing with its principal place of business in the State of Texas.

2. Tidewater is a Maryland corporation with its principal place of business in the State of Maryland.

**Jurisdiction and Venue**

3. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §1332(a), as this suit is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b), because Tidewater resides and regularly conducts business in Maryland.

**General Allegations**

5. This dispute arises out of the supply of materials for use in construction of an office building located at 400 6th Street NW, Washington, D.C. (the "Project").

6. Clark Construction ("Clark") is the general contractor for the Project. Clark entered into a subcontract with Tidewater to provide certain labor, materials and associated services to the Project ("Subcontract").

7. Tidewater, in turn, by a purchase order dated November 15, 2013, entered into an agreement with OBE for the supply of certain windows, curtainwalls, associated materials and services to the Project (the "Purchase Order").

8. OBE supplied all required materials and services to the Project in accordance with the term of the Purchase Order. Upon completion of its work, OBE requested full and final payment from Tidewater.

9. Tidewater billed Clark for all materials and services provided by OBE, and, in turn, Clark paid Tidewater for all materials and services provided by OBE.

10. Despite full performance and timely demand, Tidewater has not paid the final balance due OBE, and has wrongfully withheld the sums paid by Clark to Tidewater for the materials and services provided by OBE.

11. OBE has satisfied all conditions precedent to maintaining this action.

### COUNT I
### (Breach of Contract)

12. OBE incorporates paragraphs 1 – 11 as if set forth in full herein.

13. The Purchase Order is a valid and binding contract between Tidewater and OBE.

14. Tidewater breached the Purchase Order by, *inter alia*, failing to pay OBE in full for the materials and services provided under the Purchase Order, and wrongfully withholding payments made by Clark to Tidewater for the materials and services provided by OBE.

15. As a direct result of Tidewater's breach of the Purchase Order, OBE has incurred damages of $313,386.66 plus interests and the costs of this action.

WHEREFORE, Plaintiff Oldcastle BuildingEnvelope, Inc. respectfully requests the entry of judgment in its favor and award of monetary damages of $313,386.66, together with pre-judgment and post-judgment interest, costs, and such further relief as the Court deems just and appropriate.

Dated: December 28, 2015 Respectfully submitted,

 /s/ Mark R. Berry
 Mark R. Berry (MD Bar No. 15694)
 Peckar & Abramson, P.C.
 2055 L Street, NW, Suite 750
 Washington, D.C.  20036
 Tel.: (202) 293-8815
 Fax: (202) 293-7994
 E-mail: mberry@pecklaw.com
 ***Counsel for Plaintiff***
 ***Oldcastle BuildingEnvelope, Inc.***